UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| ICORECONNECT INC., | Case No. 6:25-bk-3390-GER |
| ICORE MIDCO INC., | Case No. 6:25-bk-3391-GER |
| Debtors. _____/ | *Jointly Administered Under Case No. 6:25-bk-3390-GER* |
| ICORECONNECT INC., | Case No. 6:25-bk-3390-GER |
| Applicable Debtor. _____/ | |

**ICORECONNECT INC.'S EMERGENCY MOTION FOR
PROTECTIVE ORDER AND OBJECTION TO PIGI SOLUTIONS, LLC'S
<u>NOTICE OF 2004 EXAMINATION OF ICORECONNECT INC.</u>**

iCoreConnect Inc. (the "**Debtor**") objects to *PIGI Solutions, LLC's Notice of Taking Examination of Debtor Pursuant to Federal Rule of Bankruptcy Procedure 2004* (Doc. No. 86) (the "**2004 Notice**") and seeks the entry of a protective order with respect to the examination. In support of its motion and objection, the Debtor respectfully represents as follows:

**<u>Background</u>**

1. On June 2, 2025 (the "**Petition Date**"), the Debtor and its subsidiary, iCore Midco Inc. (collectively, the "**Debtors**") filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2. The Debtors operate a cloud-based software and technology company that specializes in providing HIPAA-compliant software-as-a-service solutions to healthcare providers across the United States. The Debtors' gross revenues for 2024 were approximately $10.7 million. The Debtors have 55 employees and 8 independent contractors who provide critical services to

support the Debtors' operations. As of the Petition Date, the Debtors had creditors holding secured claims in excess of $4.8 million and unsecured claims in excess of $5.6 million.

3. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code and the Court's *Order Authorizing Debtor-in-Possession to Operate Business* (Doc. No. 2 in each case), the Debtors continue in possession of their assets and operation of their businesses as debtors in possession.

4. On June 4, 2025, the Court entered an *Order Granting Expedited Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b)* in each of the Chapter 11 cases of the Debtors (collectively, the "**Joint Administration Order**"). Pursuant to the Joint Administration Order, the Debtors' Chapter 11 cases are jointly administered for procedural purposes only under *In re: iCoreConnect Inc.*, Case No. 6:25-bk-3390-GER.

5. On June 13, 2025, PIGI filed its *Emergency Motion to Annual or Modify the Automatic Stay Prospectively* (Doc. No. 47) (the "**Stay Motion**"). The Stay Motion seeks relief from stay to effectuate a new postpetition sale of the Debtors' assets to Valsoft Corporation, Inc., a prepetition Article 9 bidder, at a substantially reduced price.

6. The Stay Motion was set for a initial preliminary hearing on June 24, 2025, but was continued to July 9, 2025, by agreement of the parties.

7. On June 25, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**").

8. On July 7, 2025, the Debtors filed their *Joint Response to PIGI Solutions, LLC's Emergency Motion to Annual or Modify the Automatic Stay Prospectively* (Doc. No. 90) (the "**Stay Response**" and together with the Stay Relief Motion, collectively, the "**Contested Matter**"). The Debtors assert that the Stay Motion should be denied because: (a) it is procedurally improper, as it seeks relief that must be pursued through an adversary proceeding under Rule 7001 of the Federal

Rules of Bankruptcy Procedure; (b) PIGI lacks standing to seek relief from the automatic stay; (c) the Stay Motion is internally inconsistent, as it simultaneously asserts the occurrence of a prepetition sale while conceding that no such sale ever closed; (d) any alleged prepetition stay waiver is unenforceable under applicable law; (d) PIGI has failed to establish "cause" under section 362(d) of the Bankruptcy Code to warrant modification of the automatic stay; and (e) PIGI has not demonstrated any emergency or irreparable harm that would justify expedited consideration.

9. On Wednesday, July 3, 2024, at approximately 4:30 p.m., just prior to the 4th of July Holiday weekend, PIGI filed the 2004 Notice. The 2004 Notice seeks testimony from the Debtor's corporate representative and sets an examination for Wednesday, July 9, 2025, at 9:30 a.m.

**Relief Sought and Basis for Relief**

10. The Debtor objects to and requests the entry of a protective order with respect to the examination on the basis that:

    a. the 2004 Notice does not comply with Local Bankruptcy Rule 2004-1(a) and (c), and

    b. the examination seeks testimony related to the Contested Matter in violation of the pending proceeding rule.

11. Local Bankruptcy Rule 2004-1(a) provides that [t]he attendance of the examinee…may not be required less than 21 days after service of the notice, except by agreement of the parties or order of the Court."

12. The examination was set on less than 6 days' notice and less than 3 business days' notice. Although counsel for PIGI previewed the 2004 Notice to Debtor's counsel, counsel did not consent to the examination. Indeed, Debtor's counsel advised PIGI's counsel that: (a) the

Debtor's corporate representative would not be available for examination the week of July 7 due to a previously scheduled surgery and related medical, personal, and professional commitments, and (b) Debtor's Counsel did not have availability given her significant caseload and conflicting calendar commitments.

13. Local Bankruptcy Rule 2004-1(a) specifically provides that 2004 examinations are not applicable in adversary proceedings and contested matters. That is because the pending proceeding rule prohibits a party from utilizing Rule 2004 while a contested matter is pending.

14. Under this rule, "once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not Rule 2004." *In re Gaime*, No. 8:18-BK-05198-RCT, 2018 WL 7199806, at *3 (Bankr. M.D. Fla. Dec. 18, 2018), clarified on denial of reconsideration, No. 8:18-BK-05198-RCT, 2019 WL 436749 (Bankr. M.D. Fla. Jan. 23, 2019). The rationale underlying the "pending proceeding" rule is the "concern that a party to litigation could circumvent his adversary's rights by using Rule 2004 rather than civil discovery to obtain documents or information relevant to the lawsuit." *Id.*

15. The concern arises because discovery under Rule 2004 is broad in scope, often likened to a "fishing expedition," in contrast to the more stringent nature and available protections of discovery under the Federal Rules of Civil Procedure or applicable state court rules. *Id.* For example, Rule 2004 does not provide a witness with the right to representation by counsel, and the right to object to immaterial or improper questions is limited. *In re Bennett Funding,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

16. The list of topics for examination are set forth on Exhibit 1 to the 2004 Notice. They include, *inter alia*, several matters relating to Contested Matter. In addition, counsel for PIGI indicated that the examination needed to occur prior to the continued hearing on the Stay Motion.

17. To allow PIGI to conduct a 2004 examination would give it an unfair strategic advantage in violation of the pending proceeding rule. *See In* re *Defoor Centre, LLC*, 634 B.R. 630, 639 (Bankr. M.D. Fla. 2021).

18. Based upon the foregoing, this Court should enter a protective order with respect to the 2004 Notice.

## Certificate of Good Faith

19. Counsel for the Debtor conferred in good faith with counsel for PIGI, however, they did not reach an agreement related to the relief sought herein.

> */s/ Amy Denton Mayer*
> Amy Denton Mayer (Florida Bar No. 0634506)
> STICHTER, RIEDEL, BLAIN & POSTLER, P.A.
> 110 E. Madison Street, Suite 200
> Tampa, Florida 33602
> Telephone: 813.229.0144
> Email: amayer@srbp.com
> Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of July 2025, true and correct copies of the foregoing were furnished electronically via the Court's CM/ECF system to all parties who are registered to receive electronic noticing.

> */s/ Amy Denton Mayer*
> Amy Denton Mayer

4936-5608-3283, v. 1