**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Orlando Division**
**www.flsb.uscourts.gov**

**In re:**

| | |
|---|---|
| **iCoreConnect Inc.** | **Case No. 6:25-bk-3390-GER** |
| **iCore Midco Inc.** | **Case No. 6:25-bk-3391-GER** |
| | **Chapter 11** |
| **Debtors.** | |
| | *Jointly Administered Under* |
| _____/ | *Case No. 6:25-bk-3390-GER* |
| | |
| **iCoreConnect Inc.** | **Case No. 6:25-bk-3390-GER** |
| | |
| **Applicable Debtor.** | |
| | |
| _____/ | |

**CREDITOR, FOUR TWO NINE, INC.'S MOTION FOR RELIEF FROM STAY TO SETOFF SECURITY DEPOSIT AGAINST LEASE REJECTION DAMAGES CLAIM**

Creditor, FOUR TWO NINE, INC. ("Movant"), by and through its undersigned counsel, moves this Court, pursuant to 11 U.S.C. §§ 362 and 553(a) for relief from the automatic stay to setoff the Debtor's security deposit in the amount of $38,235.00 against its damages claim for rejection of its executory lease, and as grounds therefore states as follows:

**Summary of Grounds for Motion and Relief Requested**

The Movant currently holds $38,235.00 as a security deposit for Debtor. Debtor rejected its executory real property lease with Movant, and Movant seeks relief from the automatic stay to set off the security deposit it holds against Movant's lease rejection damages claim.

**Procedural Background**

1. Pursuant to a lease dated September 24, 2021 (the "Lease"), Debtor leased approximately 7,647 rentable square feet of commercial property in the shopping center commonly known as Suite 250 of "The 529 Building" with an address of 529 East Crown Point

Road, Ocoee, Florida 34761 (the "Premises").  Debtor conducted business at the Premises.  The Lease Agreement between Movant and Debtor dated September 24, 2021 is attached as **Exhibit "A."**

2. On or about June 2, 2025, Debtor filed a voluntary petition under Chapter 11, Subchapter V of the Bankruptcy Code.

3. On June 13, 2025, Debtor filed its *Expedited Motion to Reject Non-Residential Real Property Lease with Four Two Nine, Inc.* (Doc. No. 45) seeking to reject its unexpired commercial Lease Agreement with Movant.

4. On July 9, 2025, the Court entered an *Order Granting Debtor's Expedited Motion to Reject Nonresidential Real Property Lease with Four Two Nine, Inc. and Setting Deadline for Filing Claim for Rejection Damages* (Doc. No. 93) (the "Rejection Order").

5. The Rejection Order deemed Debtor's rejection of the Lease effective as of June 30, 2025.

6. The Movant currently holds a security deposit for Debtor in the amount of $38,235.00 that it seeks to set off pursuant to 11 U.S.C. § 553(a) against Movant's rejection damages.

7. As of the date of this Motion, Movant has not yet been able to procure another tenant to lease the Premises.

## The Lease

8. The term of the Lease is approximately seventy-three (73) months, and the Lease would expire under its own terms in February 2028.  The Debtor was to pay monthly base rent, sales tax, its proportionate share of real estate taxes as defined in the Lease, its proportionate share of fire and other insurance as defined in the Lease, and its proportionate share of common

area maintenance expenses as defined in the Lease. The monthly base rent plus the other operating expenses outlined above are referred to as the "Rent" in the Lease. The Rent is due on the first (1st) of each calendar month in advance.

9. For May 2025, Debtor owes monthly base rent in the amount of $21,985.51, which is inclusive of sales tax in the amount of $536.23. The Debtor also owes electric utilities as Rent under the Lease of $200.00. For June 2025, Debtor owes monthly base rent in the amount of $21,666.76 which is inclusive of sales tax in the amount of $528.46.

10. Through January 2026, Debtor owes monthly rent of $20,889.06 without including additional rent and sales tax. From January 2026 to January 2027, Debtor owes monthly rent of $21,513.56 in monthly rent without including additional rent and sales tax. From January 2027 to January 2028, Debtor owes monthly rent of $22,157.18 in monthly rent without including additional rent and sales tax. For February 2028, Debtor owes $22,819.92 in rent without including additional rent and sales tax. There were 31 months remaining on the lease following the Petition Date. Fifteen percent (15%) of the remaining 31 months equals 4.65 months. As a result, the Movant is entitled to one year of lease payments as rejection damages. This would result in a total rejection damage claim of $254,415.72 ($20,889.06 times 6 months equals $125,334.36, and $21,513.56 times 6 months equals $129,081.36). In addition, Movant incurred pre-petition damages for May 2025 in the amount of $21,985.51.

## Jurisdiction

11. This Court has jurisdiction under 28 U.S.C. § 1334.

12. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and (K).

## Grounds for Relief

Case 6:25-bk-03390-GER   Doc 125   Filed 08/04/25   Page 4 of 6

13. Bankruptcy Code § 553 states in pertinent part that generally, the Code does not affect any right of a creditor to set off a mutual debt that is owed by the creditor to the debtor provided that the debt arose before the petition date. *See* 11 U.S.C. § 553.

14. The Debtor has rejected its unexpired commercial lease with Movant, and pursuant to Bankruptcy Code § 502(g), this gives Movant a pre-petition claim for any resulting damages, and requires that Movant be treated a pre-petition creditor. *See* 11 U.S.C. § 502(g); *In re Communicall Cent., Inc.*, 106 B.R. 540, 543, 544 (Bankr. N.D. Ill. 1989).

15. Generally, prepetition security deposits may be used to offset the rejection damages claim that a creditor is entitled to as a result of the rejection of an unexpired lease. *See Communicall Cent.*, 106 B.R. at 545; *In re Sweet N Sour 7th Ave. Corp.*, 431 B.R. 63, 71 (Bankr. S.D.N.Y. 2010). The ability to set off the rejection damages claim is only limited by Bankruptcy Code § 502(b)(6). *See Communicall Cent.,* 106 B.R. at 544.

16. Pursuant to § 502(b)(6), the rejection damage claim for a commercial lease is limited to the greater of one year or 15% of the remaining lease not exceeding three years. 11 U.S.C. § 502(b)(6). The amount that is due for the year following rejection is $254,415.72, which represents Movant's unsecured claim for lease rejection damages. Furthermore, Movant has a prepetition claim for rent in the amount of $21,985.51, which represents rent due and unpaid for May 2025. This results in Movant having a total unsecured claim of $276,401.23.

17. However, setoff rights may only be exercised after relief from stay is granted. *See Sweet N Sour*, 431 B.R. at 72.

## Conclusion

18. As a result, Movant moves to lift the automatic stay under § 362(d)(1) "for cause" to exercise its right of setoff on the Debtor's security deposit against its unsecured claim. *See* 11

U.S.C. § 362(d)(1). The security deposit in the amount of $38,235.00 is less than the Movant's unsecured claim of $276,401.23. Therefore, Movant requests to set off the security deposit it holds against its unsecured claim of $276,401.23, which will result an unsecured claim of $238,166.23.

WHEREFORE, Movant, FOUR TWO NINE, INC. respectfully requests this Court enter an order granting it relief from the automatic stay to set off Debtor's security deposit against its unsecured claim (including its lease rejection damages claim), and for such other and further relief as is just and proper under the circumstances of this case.

Dated: August 4, 2025.

Respectfully submitted,

/s/ Matthew J. Vaughn
Matthew Vaughn
MVaughn@PetersonMyers.com
Florida Bar No. 0092122
225 E. Lemon St., Suite 300
P.O. Box 24628
Lakeland, Florida 33802
Phone: (863) 683-6511
Attorney for Movant,
FOUR TWO NINE, INC.

(CERTIFICATE OF SERVICE TO FOLLOW)

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing MOTION FOR RELIEF FROM STAY TO SETOFF SECURITY DEPOSIT AGAINST LEASE REJECTION DAMAGES CLAIM and all exhibits have been furnished on this 4th day of August, 2025, to the Clerk of the Court, using the CM/ECF system, which will furnish an electronic copy to all interested parties that have registered with the CM/ECF system and to the Debtor via first class mail at:

iCore Midco, Inc.
529 E. Crown Point Road, Suite 250
Ocoee, FL 34761

                                                 By:   /s/ Matthew J. Vaughn
                                                            Matthew J. Vaughn