**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

iCoreConnect, Inc. and
iCore Midco, Inc.,

Debtors.
__________________________/

Case No. 6:25-bk-03390-GER
Case No. 6:25-bk-03391-GER
Chapter 11

*Jointly Administered Under*
*Case No. 6:25-bk-03390-GER*

iCoreConnect, Inc.,
Case No. 6:25-bk-03390-GER

Applicable Debtor.

__________________________/

**MOTION BY LIQUIDATING TRUSTEE, ROBERT MORRISON, TO APPROVE SETTLEMENT AGREEMENT BY AND BETWEEN THE TRUSTEE & PROBESEVEN D/B/A BETTER LIVES PURSUANT TO BANKRUPTCY RULE 9019**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three (3) days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Bankruptcy Court, George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, R. Scott Shuker, Esq., Shuker & Dorris, P.A., 121 S. Orange Avenue, Suite 1120, Orlando, Florida 32801, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

**LIQUIDATING TRUSTEE, ROBERT MORRISON** (the "Trustee"), moves this Court, pursuant to 11 U.S.C. §105(a) and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for an Order approving the settlement reached by and between the Trustee and Probeseven d/b/a Better Lives ("Probeseven"), (with the Trustee and Probeseven individually referred to as a Settlement Party, and collectively referred to herein as the "Settlement Parties"), that resolves various matters between them as set forth in this motion (the "Settlement"). In support of this motion, the Trustee states as follows:

## BACKGROUND

1. On June 2, 2025 (the "Petition Date"), iCoreConnect Inc. (the "Debtor") and its affiliate iCore Midco Inc. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"); the cases are jointly administered under Case No. 6:25-bk-03390-GER.

2. On August 11, 2025, Probeseven filed Proof of Claim No. 24-1 (the "Probeseven Claim") against iCoreConnect Inc. in the aggregate amount of $527,148.39, consisting of $301,895.90 of principal owed on the Petition Date and $225,252.49 of asserted pre-petition interest. The Claim and its Addendum state that the interest is simple, non-compounding pre-petition interest calculated from each invoice's Net-15 due date (commencing January 2017) through Petition Date at Probeseven's prevailing bank lending rates, generally 12% per annum with select months at 13% per annum in 2019, under the governing Indian law, and that Exhibit C to the Addendum is the supporting pre-petition interest ledger.

3. On February 17, 2026, the Debtor filed Debtor's Objection to Claim No. 24-1 Filed by Probeseven [ECF No. 312] (the "Claim Objection"), seeking to disallow the $225,252.49 interest component in its entirety on the grounds that the contract contains no interest provision

and that Probeseven had not established a statutory or contractual basis under the Indian law for interest or for the 12%-13% rates, and to allow the Claim in the reduced amount of $301,895.90.

4. On February 24, 2026, the Court entered its Order (1) Approving Amended Disclosure Statement, (2) Confirming Amended Plan of Liquidation, (3) Setting Deadlines, and (4) Scheduling Post-Confirmation Status Conference [ECF No. 323] (the "Confirmation Order"), confirming the Amended Plan of Liquidation [ECF No. 262] (the "Plan").

5. The Effective Date of the Plan occurred on March 11, 2026 [ECF No. 341].

6. Pursuant to the Plan and the Confirmation Order, a liquidating Trust was established and Robert Morrison was appointed as Liquidating Trustee as of the Effective Date, with all remaining Assets of the Estates, including Causes of Action, transferred to the liquidating Trust. Under the Plan and Confirmation Order, the Trustee has the exclusive authority to file, settle, compromise, withdraw, or litigate to judgment all objections to Claims, to compromise Claims against the Estate subject to Court approval after notice and hearing pursuant to Bankruptcy Rule 9019, and to make distributions to Allowed Class 5 General Unsecured Creditors. The Claim Objection was pending as of confirmation and the Trustee succeeded to its prosecution.

7. On March 4, 2026, Probeseven filed a Notice of Agreed Extension of Time to File Response to the Claim Objection [ECF No. 327], under which Probeseven's response deadline was extended to twenty-one (21) days after either party emails the other a declaration that settlement negotiations are at an impasse. That deadline has not run and no impasse was declared.

8. The Settlement involves the compromise between the Settlement Parties regarding the issues, disputes, and controversies between them relating to or arising from the Adversary Proceeding.

**MATERIAL TERMS OF THE SETTLEMENT AGREEMENT**

9. As a result of the good-faith, arms-length negotiations, and to avoid the expense, inconvenience, and delay, and to further expedite the resolution of the issues raised in the Adversary Proceeding, the Settlement Parties have reached a compromise and settlement, the approval of which will aid in furthering the administration of the Debtor's estate. The terms of the Settlement are set forth herein and meet all applicable legal standards and are well within the range of reasonableness.

10. The provisions of the Settlement include:

a. This Settlement Agreement shall be effective upon Bankruptcy Court approval ("Effective Date").

b. Allowed Interest: The pre-petition interest component of the Probeseven Claim is allowed in the compromised amount of $180,000.00.

c. Allowed Claim: Claim No. 24-1 is allowed as an Allowed Class 5 General Unsecured Claim in the total amount of $481,895.90, consisting of $301,895.90 of principal and $180,000.00 of pre-petition interest, and the Claim Objection is resolved and deemed withdrawn as to the balance of the asserted interest, with the balance of the asserted interest disallowed.

d. Catch-Up Distribution: The Trustee has made a pro-rata distribution to Holders of Allowed Class 5 General Unsecured Claims in an amount equal to forty percent (40%) of their unsecured claims and previously paid Probeseven forty percent (40%) of the undisputed principal portion of its claim. Within five (5) days after entry of the Settlement Order, the Trustee shall make a further distribution to Probeseven in an amount equal to forty percent (40%) the newly allowed $180,000.00 interest portion, or $72,000.00 in order to provide Probeseven with its complete forty percent (40%) prorata distribution.

e. Future Distributions: The full Allowed Claim of $481,895.90 shall participate in all future Class 5 distributions on the same Pro Rata basis as other Allowed Class 5 General Unsecured Claims, in accordance with the Plan, the Confirmation Order, and the Liquidating Trust Agreement.

f. No Post-Petition Interest or Other Amounts: Probeseven waives any claim to post-petition interest, attorneys' fees, or other charges beyond the Allowed Claim.

g. Resolution of the Claim Objection: Within fifteen (15) days after entry of the Settlement Order, the Claim Objection shall be resolved without further hearing, and Probeseven's response deadline shall be moot.

b. Representations and Warranties: The Settlement Parties represent and warrant that each is the sole and exclusive owner of all claims released or compromised by each.

c. Mutual Release: Upon entry of the Settlement Order and the Trustee's payment of the catch-up distribution, each of the Settlement Parties unconditionally, generally, and irrevocably releases, waives, and discharges the other Settlement Party from all claims, liabilities, and obligations that the releasing Settlement Party now or hereafter can, shall, or may have against the released Settlement Party relating to or arising from the Probeseven Claim or the Claim Objection; provided, however, that nothing in this subparagraph shall release, waive, or discharge Probeseven's right to receive future Class 5 distributions on its Allowed Claim in accordance with the Settlement, the Plan, the Confirmation Order, and the Liquidating Trust Agreement.

## BASIS FOR RELIEF REQUESTED

### A. The Settlement Agreement Satisfies the *Justice Oaks* Factors

11. Through this motion, the Settlement Parties request that this Court enter an Order approving the Settlement to permit the amicable resolution of the disputes discussed herein. "It is generally recognized that the law favors compromise of disputes over litigation for litigation sake." *In re Bicoastal Corp*., 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). As a matter of policy, compromises and settlements are favored in order to minimize litigation and expedite the administration of the bankruptcy estate. *Munford v. Munford (In re Munford, Inc.)*, 97 F.3d 449, 455 (11th Cir. 1996).

12. When considering settlements for approval under Bankruptcy Rule 9019, the bankruptcy court is to "determine whether the proposed settlement is fair and equitable." *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998); *In re Gallagher*, 283 B.R. 342, 346 (Bankr. M.D. Fla. 2002). The Eleventh Circuit Court of Appeals has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard. *In re Air Safety Int'l, L.C*., 336 B.R. 843, 852 (S.D. Fla. 2005). These factors are as follows: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interests of creditors and proper deference to their reasonable views. *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd*.), 898 F.2d 1544 (11th Cir. 1990).

13. It is not necessary for a bankruptcy court to explicitly consider all four *Justice Oaks* factors when approving a proposed settlement. *Chira v. Saal, et al*. (*In re Chira*), 567 F.3d 1307, 1313 (11th Cir. 2009) (affirming bankruptcy court's approval of settlement agreement where bankruptcy court explicitly evaluated only two of the four Justice Oaks Factors.) Also, a

bankruptcy court is not obligated to actually rule on the merits of the various claims or conduct a "mini trial" on the merits of the underlying action. *In re Van Diepen, P.A.*, 236 F. Appx. 498, 503 (11th Cir. 2007) see also, *In re Soderstrom*, 477 B.R. 249, 252 (Bankr. M.D. Fla. 2012). Rather, settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp*., 164 B.R. at 1016.

14. The Settlement Parties submit that the Settlement overwhelmingly satisfies the *Justice Oaks* factors. The Settlement is the product of extensive settlement discussions and negotiations between the Settlement Parties. The Settlement Parties submit that the Settlement is the direct result of the exercise of their business judgment and is in the best interests of the Debtor's estate when considering the uncertainties, significant expense, and potential delay involved in resolving the Claim Objection. As such, the Settlement Parties believe that the compromise set forth in the Settlement is reasonable and falls well above the lowest point on the range of reasonableness as required by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and applicable case law. *See Id*. at 1016 (quoting *In re W.T. Garant Co*., 699 F.2d 599 (2d Cir. 1983).

15. ***The Probability of Success in the Litigation***. The first *Justice Oaks* factor reflects the Supreme Court's view that a court should form an "intelligent and objective opinion" of the probability of success in the underlying litigation and inherent costs in such litigation. *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). In fact, some courts have identified this factor as most important in determining the reasonableness of a settlement under Bankruptcy Rule 9019(a). *In re Adelphia*, 327 B.R. 143, 160 (Bankr. S.D.N.Y. 2005) (This factor . . . is in my view the most important factor, and I weigh it accordingly."). In the instant case, the interest dispute turns on unsettled questions of foreign law, namely whether and at what rate interest is recoverable under Indian statutory and common law

and the Micro, Small and Medium Enterprises Development Act (the "MSMED Act") as applied under Probeseven's agreement with a U.S. debtor, which would require expert testimony concerning the application of Indian law in this case. The Trustee believes he has substantial grounds to object, but recognizes a genuine risk that some or all of the claimed interest could be allowed at a rate materially exceeding the settled amount, given Probeseven's contention that the MSMED delayed-payment regime would produce a substantially larger figure than the $225,252.49 claimed.

16. ***Difficulties in Collection***. This factor weighs in favor of a finding that the proposed Compromise is fair and equitable as the Settlement converts an uncertain and expensive contest into a fixed Allowed Claim. While the Trustee holds the funds from which Distributions are made, realization of value on the disputed portion of the Claim would be neither prompt nor certain.

17. ***The Complexity of Litigation***. In evaluating the reasonableness of a settlement, a court should "form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. *TMT Trailer*, 390 U.S. at 424. Litigating the interest entitlement would require expert testimony on Indian law, an invoice-by-invoice reconciliation of accrual across roughly a decade of invoices dating to 2016 and 2017, discovery on payment dates and the asserted opening balance, and briefing on interest-on-interest and applicable-rate issues, resulting in expense and delay disproportionate to the amount in dispute.

18. ***The Interests of the Creditors***. In considering the paramount interest of the creditors, the Settlement Parties necessarily weighed all of the *Justice Oaks* factors. In this case, the Settlement resolves all of the outstanding issues between the Settlement Parties while

preventing the undertaking of expensive, protracted, litigation involving complex issues of both facts and law.

19. After considering all the attending factors, the Settlement Parties believe that the Settlement is reasonable and in the best interests of the estate and will resolve all disputes among the Settlement Parties avoiding delay and costly litigation with respect thereto. For all the foregoing reasons, the Settlement Parties believe that good cause exists for approval of the Settlement. The Settlement not only surpasses the minimum threshold of reasonableness necessary to warrant approval, but it represents the best possible outcome for the Debtor and its estate and creditors.

**WHEREFORE**, the Settlement Parties respectfully request that the Court enter an order approving the proposed settlement, authorizing the parties to consummate the settlement pursuant to the terms of the Settlement, and granting such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 2nd day of September 2026.

/s/ R. Scott Shuker
**R. Scott Shuker, Esq.**
Florida Bar No. 0984469
rshuker@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 S. Orange Avenue, Suite 1120
Orlando, Florida 32801
Tel. (407) 337-2060
Fax (407) 337-2050
*Attorney for Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

iCoreConnect, Inc. and
iCore Midco, Inc.,

Debtors.
__________________________/

Case No. 6:25-bk-03390-GER
Case No. 6:25-bk-03391-GER
Chapter 11

*Jointly Administered Under*
*Case No. 6:25-bk-03390-GER*

iCoreConnect, Inc.,
Case No. 6:25-bk-03390-GER

Applicable Debtor.

__________________________/

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of **MOTION BY LIQUIDATING TRUSTEE, ROBERT MORRISON, TO APPROVE SETTLEMENT AGREEMENT BY AND BETWEEN THE TRUSTEE AND PROBESEVEN d/b/a BETTER LIVES PURSUANT TO BANKRUPTCY RULE 9019** was electronically filed through the Court's CM/ECF system to all parties receiving ECF Notices on this 2nd day of September 2026.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.